# Order

Michigan Supreme Court
Lansing, Michigan

March 18, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137710

EWIE COMPANY, INC. and MAHAR/EWIE, LLC,
            Plaintiffs/Counter-Defendants/
            Appellants,

v

MAHAR TOOL SUPPLY, INC.,
            Defendant/Counter-Plaintiff/Third-
            Party Plaintiff/Appellee,

v

PRODUCTION SERVICES MANAGEMENT, INC., DILIP MULLICK and MANOJ SACHDEVA,
            Third-Party Defendants/Appellants.

SC: 137710
COA: 276646
Washtenaw CC: 04-001357-CB

_____/

On order of the Court, the application for leave to appeal the October 9, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. The Court of Appeals erred in ruling that, because Mahar/EWIE, LLC's ("the LLC") operating agreement is ambiguous regarding whether the members of the LLC must agree to dissolution notwithstanding a termination date listed in the articles of organization, the Washtenaw Circuit Court's grant of summary disposition to the plaintiffs on their claim for judicial dissolution of the LLC must be reversed. MCL 450.4801 provides that "[a] limited liability company is dissolved and its affairs shall be wound up when the first of the following occurs: (1) automatically at the time specified in the articles of organization." Accordingly, any ambiguity in the operating agreement is irrelevant, given the termination date specified in the articles of organization. We REMAND this case to the Washtenaw Circuit Court for reconsideration of the plaintiffs' motion for summary disposition on their claim for judicial dissolution, in light of MCL 450.4515(1)(b), which provides that if a member of a limited liability company

establishes that the acts of managers or members in control of a limited liability company are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member, "the circuit court may issue an order or grant relief as it considers appropriate, including … the cancellation or alteration of a provision in the articles of organization." We do not disturb the Court of Appeals reversal of the circuit court's grant of summary disposition to the plaintiffs on the defendant's counter- and third-party complaint. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 18, 2009

Clerk

s0311